UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRANDON DAVID WRIGHT,<br><br>   Plaintiff,<br><br>   v.<br><br>JAY INSLEE, *et al.*,<br><br>   Defendants. | Case No. C23-854-JHC-SKV<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL |

Plaintiff Brandon Wright is a Washington Department of Corrections ("DOC") inmate who is currently confined at the Monroe Correctional Complex – Special Offender Unit ("MCC-SOU"). *See* Dkt. 5 at 2. Plaintiff alleges in this action violations of his rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). *See id*. at 5-6. Currently before the Court is Plaintiff's motion for appointment of counsel. The Court, having reviewed Plaintiff's motion, Defendants' response thereto, and the balance of the record, hereby finds and ORDERS as follows:

   (1)   Plaintiff's motion for appointment of counsel (Dkt. 15) is DENIED. Generally, a person has no right to counsel in a civil action. Although the Court, under 28 U.S.C.

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

§ 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff asserts in his motion that though he knows his action is "valid," he is not familiar with how to proceed at this juncture. Dkt. 15 at 1. Plaintiff indicates that he has been diagnosed with schizophrenia and believes he is able to "express himself in writing." He notes, however, that he spent considerable time trying to find a local rule referenced in the Court's Pretrial Scheduling Order so that he could follow the instructions set forth therein, but he was never able to find the rule, LCR 7(b). *See id*. Plaintiff also indicates in his motion that he is unsure whether he is supposed to respond to Defendants' answer in writing or wait for further instructions from the Court. *Id*. at 2.

Defendants argue in their response to Plaintiff's motion that the legal issues underlying his complaint are not complex and that he has demonstrated he is able to articulate his claims *pro se*. Dkt. 16 at 2. Defendants note that Plaintiff has cited multiple statutes and a case he believes support his position, and that he has argued he has exhausted his remedies and has evidence to support his claims. *See id*. Defendants maintain that none of Plaintiff's submissions suggest an inability to explain the facts of his case or his legal concerns. *Id*. Defendants also argue that Plaintiff has not demonstrated a likelihood of success on the merits. *Id*. Finally, Defendants

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 2

argue that Plaintiff's lack of familiarity with how to proceed and his inability to locate LCR 7(b)[1] are not exceptional circumstances sufficient to appoint counsel as *pro se* litigants "can struggle with navigating civil procedure." *See id*. at 2-3.

The Court concurs that Plaintiff has thus far demonstrated he is able to litigate this action without assistance. Plaintiff identifies a single count in his complaint in which he alleges violations of the ADA and the RA. *See* Dkt. 5 at 5. Specifically, Plaintiff asserts that inmates such as himself who have been diagnosed with a mental illness and are housed in DOC Residential Treatment Units ("RTUs") are being discriminated against because they are not being afforded equal access to education. *Id*. at 5-6. Plaintiff claims that inmates housed outside of the RTUs have access to a library and post-high school education while inmates housed in the RTUs are denied such services. *Id*. Plaintiff maintains that this inequality places him at disadvantage when it comes to reintegrating successfully back into society. *Id*.

Plaintiff's claims are limited in scope, and he demonstrated in his complaint ample ability to articulate the legal and factual bases of his claims without the assistance of counsel. While Plaintiff will no doubt face challenges in litigating this action without counsel, including navigating the Court's procedural rules, this is a challenge typical of those faced by *pro se* litigants in general and does not, by itself, constitute an extraordinary circumstance. As for Plaintiff's likelihood of success on the merits of his claim, the record is not yet sufficiently developed for this Court to make such a determination. Based on the information available to the Court at this juncture, this Court must conclude that Plaintiff has not demonstrated that his case involves exceptional circumstances which warrant the appointment of counsel. Plaintiff's

---

[1] Defendants helpfully quoted the language of LCR 7(b) in a footnote in their response so Plaintiff is now able to see what the rule requires. *See* Dkt. 16 at 2-3 n.1.

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 3

motion for appointment of counsel is therefore denied without prejudice to Plaintiff renewing his motion at a later time.

(2) As noted above, Plaintiff indicated in his motion some confusion as to whether he is supposed to respond to Defendants' answer in writing or wait for further instructions. *See* Dkt. 15 at 2. Plaintiff is advised that a response to an answer to a civil complaint is not a proper pleading and is only permitted when specifically ordered by the Court. *See* Fed. R. Civ. P. 7(a)(7). The Court sees no need for a response to be filed by Plaintiff in this case.

(3) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable John H. Chun.

DATED this 13th day of October, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 4